NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NASDAQ, INC., *et al.*, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| MIAMI INTERNATIONAL HOLDINGS, INC., *et al.*, | : Civil Action No. 17-6664-BRM-DEA<br>:<br>:<br>: OPINION |
| Defendants. | :<br>: |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Miami International Holdings, Inc.; Miami International Securities Exchange, LLC; MIAX Pearl, LLC; and Miami International Technologies' (together "MIAX" or "Defendants") Motion to Stay. (ECF No. 18.) Plaintiffs Nasdaq, Inc.; Nasdaq ISE, LLC; and FTEN, Inc. (collectively "Nasdaq" or "Plaintiffs") oppose the Motion. (ECF No. 83.) Pursuant to Federal Rule Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Defendants' Motion to Stay is **DENIED**.

**I.    BACKGROUND[1]**

Defendants seek a stay of all proceedings in this case pending resolution of their seven petitions for Covered Business Method Patent ("CBM") review filed with the United States Patent and Trademark Office ("USPTO"). (*See* ECF No. 72-1.) Plaintiffs are the assignees of United States Patent Nos. 6,618,707; 7,246,093; 7,599,875; 7,747,506; 7,921,051; 7,933,827; and

---

[1] The facts set forth in this Opinion are taken from the Complaint (ECF No. 1), the parties' briefs and related filings.

1

8,386,371 (collectively the "Patents-in-Suit"). (ECF No. 1 ¶ 1.) The Patents-in-Suit "relate to methods and systems for automated securities trading, including options trading." (*Id.* at ¶ 20.) On September 1, 2017, Plaintiffs filed a ten-count Complaint, alleging: (1) Defendants had infringed each of the Patents-in-Suit; (2) Defendants violated the New Jersey Trade Secrets Act; and (2) Defendants violated the Defend Trade Secrets Act. (*See* ECF No. 1.)

On December 4, 2017, Defendants filed a Motion to Dismiss the Complaint (ECF No. 28), which was fully briefed by February 21, 2018. (ECF No. 53.) On March 2, 2018, Plaintiffs filed a Motion to Disqualify Counsel. (ECF No. 54.) That Motion was fully briefed on April 23, 2018. (ECF No. 80.) On March 20, 2018, the Court held a telephone conference with the parties regarding the order in which the Motion to Dismiss and Motion to Disqualify would be heard. (ECF No. 68.) As a result of that conference, the Court terminated, without prejudice, the Motion to Dismiss pending the resolution of the Motion to Disqualify. (*Id.*)

On April 12, 2018, Defendants filed a Motion to Stay (ECF No. 72), which was fully briefed on May 14, 2018. (ECF No. 85.) On July 13, 2018, Plaintiffs voluntarily agreed to dismiss Count III of the Complaint, infringement of the '875 patent. (ECF No. 99.)

## II.  LEGAL STANDARD

Every court has the inherent

> the power to stay proceedings . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. U.S.*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)). With respect to patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *P & G v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed.

Cir. 2008); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). Ultimately, the decision of whether to stay a patent case during reexamination is discretionary. *Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Ethicon, Inc.*, 849 F.2d at 1426–27).

There is no conflict between having a challenge to a patent in federal court and a reexamination at the United States Patent Trademark Office ("USPTO"), even though the two forums may come to different legal conclusions on the same patent, given the different legal standards applied. *Ethicon*, 849 F.2d at 1428-29, n.3. District courts are "under no obligation to delay their own proceedings by yielding to ongoing USPTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Oy Ajat, Ltd. v. Vatech Am., Inc.*, No. 10–4875, 2012 WL 1067900, at * 19 (D.N.J. Mar. 29, 2012) (citations omitted).

Section 18 of the Leahy–Smith America Invents Act ("AIA") provides an avenue for a "transitional post-grant review" proceeding to reexamine the validity of covered business method ("CBM") patents. Pub. L. No. 112–29, § 18, 125 Stat. 284, 32931 (2011). CBM patents "apply not to novel products or services but to abstract and common concepts of how to do business." 157 Cong. Rec. S1053. The CBM is designed to "allow companies that are the target of . . . frivolous business method patent lawsuits to go back to the [USPTO] and demonstrate, with the appropriate prior art, that the patent shouldn't have been issued in the first place." *Id.* The reasoning being that "bad patents can be knocked out in an efficient administrative proceeding, avoiding costly litigation." *Id.*

The AIA also considers the effect of these review proceedings and allows district courts to stay such parallel litigation under certain circumstances. *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013). In determining whether a stay is appropriate pending a CBM review, section 18(b)(1) of the AIA directs the district court to consider:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

As such, the Court will consider all factors in turn.

### III. DECISION
#### A. Defendants' Motion to Stay

The Court finds the section 18(b)(1) factors weigh against a stay.

As a preliminary matter, there is a split in the district courts as to whether a motion to stay is premature if filed in district court after the CBM petition has been filed with the USPTO but before the petition has been instituted by the Patent Trial and Appeal Board ("PTAB"). The Federal Circuit and district judges in the Northern District of California, the Eastern District of Virginia, the Southern District of New York, the District of Nevada, the Central District of California, the Western District of Washington, the Western District of Pennsylvania, and the District of Delaware have granted stays of litigation prior to the PTAB having reviewed the CBM petitions. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1369–71, 1376 (Fed. Cir. 2014); *Moneycat Ltd. v. Paypal, Inc.*, No. 14–2490, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014); *buySAFE, Inc. v. Google, Inc.*, No. 13-781, 2014 WL 2714137, at \*2–3 (E.D. Va. June 16, 2014*); Cap. Dynamics AG v. Cambridge Assocs.*, No. 13-7766, 2014 WL 1694710, \*1-2 (S.D.N.Y. Apr.

1, 2014); *Unwired Planet, LLC v. Google Inc.*, No. 12–00504, 2014 WL 301002, at *4–8 (D. Nev. Jan. 27, 2014); *Intertainer, Inc. v. Hulu, LLC*, No. 13–05499, 2014 WL 466034, *1-2 (C.D. Cal. Jan. 24, 2014); *Zillow, Inc. v. Trulia, Inc.*, No. 12-1549, 2013 WL 5530573, at *3–8; *Sightsound Tech., LLC v. Apple, Inc.*, No. 11–1292, 2013 WL 2457284, *4 (W.D. Pa. June 6, 2013); *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 493-97 (D. Del. 2013).

District judges in the Southern District of California, the Eastern District of Texas, the Eastern District of Virginia, the Eastern District of Texas, the Middle District of Florida, and the District of Delaware have held that a stay is premature until the PTAB has instituted the CBM petition, and thus have denied the motions to stay without prejudice to renew once the PTAB has rendered its decision instituting review of the CBM petition. *See Audatex N. Am. Inc. v. Mitchell Int'l Inc.*, 46 F. Supp. 3d 1019, 1020–21, 1027–28 (S.D. Cal. Sept. 12, 2014); *Loyalty Conversion Sys. Corp.*, 2014 WL 3736514, at *1; *Smartflash LLC v. Apple, Inc.*, No. 13–447, 2014 WL 3366661, at *1, *7 (E.D. Tex. July 8, 2014); *Segin Sys., Inc.*, 30 F. Supp. 3d at 484–85; *Checkfree Corp. v. Metavante Corp.*, No. 12–15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014); *Benefit Funding Sys. LLC v. Advance Amer., Cash Advance Centers, Inc.*, No. 12–801, 2013 WL 3296230, *1-2 (D. Del. June 28, 2013). The Eastern District of Texas has described this view as the "majority" position. *Loyalty Conversion*, 2014 WL 3736514, at *1 (multiple citations omitted). The Court in *Loyalty Conversion* noted, "[w]hile the factors that Congress has directed the Court to consider do not cut strongly in one direction or the other, the most salient point is that the uncertainty as to whether the PTAB will grant the petition for CBM review makes the task of weighing those factors highly speculative." 2014 WL 3736514, at *2. Accordingly, the court concluded that "the best course at this point is to defer ruling on the motion to stay until the PTAB has made its decision whether to grant the petition for CBM review." *Id.* The Court believes this

is the proper course to follow in this case as well. This will be addressed below in conjunction with the factors.

### i. Whether a Stay will Simplify the Issues and Streamline the Trial

Defendants optimistically argue a stay would simplify the issues for trial "because every claim identified in Nasdaq's complaint has been challenged in the petition." (ECF No. 72-1 at 7.) Defendants have challenged all issued claims in six of the seven asserted patents in their petitions for CBM.[2] (*Id.*) Therefore, they argue "where seven patents and over one hundred claims have been asserted against MIAX, this Court would undoubtedly conserve much of its resources and time by granting Defendants' motion to stay." (*Id.* at 8.) Plaintiffs argue a stay is premature until the Patent Trial and Appeal Board (the "PTAB") makes a decision on whether to grant the CBM petitions. (ECF No. 83 at 13.) Plaintiffs further contend "[a] stay will not simplify the issues because the ultimate outcome of the proceedings will not resolve Nasdaq's trade secret misappropriate claims, which require overlapping discovery." (*Id.* (emphasis removed).)

The Court finds that if the PTAB decides to undertake CBM review, a stay could simplify the issues for trial, but—unless all asserted claims are invalidated—after review is completed, there will remain several issues to be ligated in this Court, including the trade secret misappropriation claims. Should CBM review be granted, it undoubtedly could narrow the number of issues to be litigated, because claims already invalidated by the PTAB would not need to be litigated in this matter. *See, e.g., Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 481 (E.D. Va. 2014). However, the conundrum for Plaintiffs is a debate regarding potential issue simplification is entirely hypothetical at this stage. *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*,

---

[2] Claim 4 of the '707 patent was invalidated in prior litigation and therefore Defendants have not sought review of that claim. (ECF No. 72-1 at 9, n.4.)

No. 13-00504, 2015 WL 12776595, at *5 (D. Haw. Feb. 17, 2015). All Defendants have done is filed CBM petitions, which by itself does not simplify the issues in this case. *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 13-655, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014) ("Because it is speculative whether the PTAB will grant the petition, [this] factor does not cut in favor of a stay.").

Here, in nearly two and a half months,[3] the PTAB will decide whether to institute review of Defendants' CBM petitions. Therefore, it would be wise for the Court to wait to stay the case until the PTAB has instituted review of the challenged petitions. *AutoAlert, Inc. v. DealerSocket, Inc.*, No. 13-00657, 2014 WL 12581767, at *3 (C.D. Cal. July 18, 2014) (noting "it is often wise to wait to stay a case until the PTAB has instituted [CBM] review of the challenged petitions, as otherwise the Court risks injecting unnecessary delay and wasted time into the proceedings"); *see, e.g., Audatex N. Am. Inc.*, 2014 WL 4546796, at *3 (denying stay due, in part, to lack of clarity whether review would be instituted). "The case for a stay is stronger after post-grant review has been instituted." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). Because the time for the PTAB to decide whether to institute review is only approximately two months away, denying the motion to stay at this time will not lead to an undue burden on the parties in the short period before the PTAB makes its decision. *Loyalty Conversion*, 2014 WL 3736514,

---

[3] CBM proceedings are initiated "with the filing of a petition that identifies all of the claims challenged and the grounds and supporting evidence on a claim-by-claim basis." Office patent Trial Practice Guide, 77 Fed. Reg. 48,7567. Then, the patent owner in a CBM proceeding has three months to file a preliminary response to the petition or include a statement stating the patent owner elects not to respond. *Id.* The PTAB will then "determine whether to institute a trial within three months of the date the patent owner's preliminary response was due or was filed, whichever is first." *Id.* Here, Defendants filed petitions for CBM review between March 23, 2018 and April 2, 2018. (ECF No 72 at 14-15; ECF No. 83 at 20, n. 10; ECF No. 85 at 6, n. 5.) Nasdaq's preliminary responses are due on July 5, 9, 12, and 19. (ECF No. 85 at 6.) Therefore, all decision will be made mid October 2018.

at *2 ("[B]ecause the time for the PTAB to act on the petition is drawing near, postponing ruling on the stay motion will not lead to an undue burden on the parties in the short period that decision is made.") Accordingly, this factor weighs in favor of denying the motion to stay.

      ii.      **Whether Discovery is Complete and Whether a Trial Date has Been Set**

Defendants argue the procedural posture of this case "strongly favors granting a stay because discovery has not yet begun." (ECF No. 72-1 at 12.) They further contend no oral argument on the motions has been scheduled, no initial scheduling conference has been set, no procedural schedule has been issued, no fact discovery has occurred, no expert discovery has been conducted, and no Markman hearing or trial has been scheduled. (*Id.* at 14.) Plaintiffs argue "the litigation is far more advanced than the PTAB proceedings." (ECF No. 83 at 19.) Specifically, Plaintiffs argue the lawsuit was filed more than ten months ago and that the parties have engaged in substantial motion practice Motion to Dismiss (ECF No. 28); Motion to Disqualify Counsel (ECF No. 54); and Motion to Stay (ECF No. 72)). (*Id.*) Plaintiffs content the CBM proceedings, however, have yet to begin. (*Id.*)

This second factor strongly favors a stay. Even though three motions have been fully briefed by the parties, the Court has yet to decide all motions, the parties have not had their initial Rule 16 conference, discovery has not yet begun, and a trial date has not been set. Accordingly, this factor weighs in favor of granting the motion to stay.

      iii.      **Whether a Stay Would Unduly Prejudice the Nonmoving Party or Present a Clear Tactical Advantage for the Moving Party**

Defendants argue Plaintiffs will not be unduly prejudiced because of the inherent delay caused by the stay. (ECF No. 72-1 at 16.) They argue "any interest Plaintiff has in timely enforcement of its patents is similarly 'present in every case in which a patentee resists a stay, and it is therefore no sufficient, standing alone, to defeat a stay motion.'" (*Id.* (quoting *NFC Tech. LLC*

*v. HTC Am., Inc.*, No. 13-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).) Defendants further contend Plaintiff "will not suffer any tactical disadvantage because a stay will not disrupt Plaintiffs' – or either party's – collection of evidence." (*Id.* at 17.) In addition, they assert any delay from the review is minimized because of the speed with which CBM reviews are conducted, a final written decision is usually issued within a year of instituting a trial. (*Id.*) Lastly, Defendants contend Plaintiffs "did not seek a preliminary injunction, which weighs against the likelihood of harm." (*Id.* at 18.)

Plaintiffs argue they will suffer undue prejudice because they will experience a loss of market share since they are direct competitors of MIAX. (ECF No. 83 at 5-6.) Plaintiffs further contend the stay would prejudice them because "it 'could allow for a loss of critical evidence as witnesses could become unavailable, their memories may fade, and evidence may be lost." (*Id.* at 10 (quoting *Eon Corp. IP Holdings, LLC v. Skytel Corp.*, No. 08-385, 2009 WL 8590963, at *3 (E.D. Tex. Apr. 29, 2009).)

"[W]hether a patentee will be unduly prejudiced by a stay in the district court proceedings during the CBM review, like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc*., 759 F.3d at 1318. The delays inherent in the reexamination process are insufficient to establish undue prejudice. *Synchronoss Techs., Inc. v. Asurion Mobile Applications, Inc.*, No. 11-5811, 2013 WL 1192266, at *5 (D.N.J. Mar. 22, 2013); *Oy Ajat, Ltd.*, 2012 WL 1067900, *21; *Brass Smith, LLC v. RPI Indus., Inc.*, No. 09–6344, 2010 WL 4444717, *4 (D.N.J. Nov. 1, 2010). Moreover, "[a] stay will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc*., 759 F.3d at 1318.

However, district courts are "hesitant to stay patent cases when 'direct market competitors' are involved." *Nippon Steel & Sumito Metal Corp. v. POSCO*, No. 12-2429, 2013 WL 1867042, at *4 (D.N.J. May 2, 2013); *see, e.g., Cordis v. Abbott Labs.*, Nos. 07-2265, 07-2477, 07-2728, 07-5636, 2009 WL 8591527, at *1 (D.N.J. Feb. 3, 2009) (denying stay pending reexamination because "the Court agrees that Cordis will be prejudiced by the imposition of a stay. According to Cordis, Abbott's product directly competes with its product and has caused a significant decline in Cordis's market share. If Cordis is required to wait for the PTO to complete its reexamination before enforcing its patents against Abbott, Cordis may be harmed even further."); *Imagevision Net v. Internet Exch.*, 2013 WL 663535, at *6 (D. Del. Feb. 25, 2013) (denying motion to stay and noting that "courts are generally reluctant to stay proceedings where the parties are direct competitors"); *Shurtape v. 3M Company*, No. 11-17, 2013 WL 789984, at *2 (W.D.N.C. Mar. 4, 2013); *Pentair Water Pool & Spa v. Hayward Indus.*, No. 11-459, 2012 WL 6608619, at *2 (E.D.N.C. Dec. 18, 2012); *APP Pharma v. Ameridose*, No. 10-4109, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011); *Adaptor, Inc. v. Sealing Sys., Inc.*, No. 09-1070, 2010 WL 4236875, at *3 (E.D. Wis. 2010). As such, "when parties are directly competing and the landscape of the relevant market is changing, it presents a circumstance where justice demands that the allegedly aggrieved party be given an opportunity to litigate its claims-and sooner rather than later." *Nippon Steel & Sumito Metal Corp.*, 2013 WL 1867042, at *5.

The Court finds this factor is neutral because there are components weighing against and in favor of the stay. The following reasons weigh in favor of the stay. First, Plaintiffs have failed to identify any delays, other than inherent delays, they would suffer from the reexamination process. Second, Plaintiffs did not seek a preliminary injunction. While "this is not dispositive" and "there could be a variety of reasons that a patentee does not move for a preliminary injunction,"

Plaintiffs have failed to set forth any plausible reason for not filing a preliminary injunction. *VirtualAgility Inc.*, 759 F.3d at 1319. Lastly, the Court also finds Plaintiffs' argument that there is a risk of lost evidence to be without merit. Plaintiffs' contention is merely speculative and unsupported by evidence. Lastly, the Court finds no clear tactical advantage for the Defendants. The fact that Defendants filed their CBM petitions after Plaintiffs filed their Motion to Disqualify is inapposite, since this litigation is still in its early stages.

The following weighs against granting the stay. Defendants admit they are direct competitors of Plaintiffs. (ECF No. 72-1 at 18.) Plaintiffs contend Defendant's own "website indicates that, on May 2, 2018, approximately 35% of the options market (in trade volume) was handled by Nasdaq's markets (which includes Nasdaq ISE, LLC's market), with MIAX Options and MIAX Pearl collectively handling approximately 10% of the market in trade volume." (ECF No. 83 at 7.) In addition, Plaintiffs allege Defendants sought to compete with Plaintiffs by taking their "trade secrets to build its electronic exchange platforms and by hiring away at least fifteen (15) key employees who were previously at Nasdaq so that it could avoid incurring or reduce the risk, time, and expense of independently developing its own trading technology." (*Id.* at 7-8 (internal citations omitted).) Because "[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors," this factor weighs highly against granting the stay. *Mkt.-Alerts Pty. Ltd.*, 922 F. Supp. 2d at 495. Accordingly, the Court finds this factor to be neutral.

>   **iv.   Whether a Stay Will Reduce the Burden of Litigation on the Parties and on the Court.**

Finally, as to whether the grant or denial would reduce the burden of litigation on the parties, a stay would likely save the parties the burden and expense of discovery proceedings if the PTAB grants the petitions for CBM review and holds some or all asserted claims invalid. Even if the PTAB rejected the Defendants' invalidity challenges, but nonetheless granted review, the

11

scope of discovery would be reduced because of the estoppel effect of the PTAB's decision on the litigation in this court. *See* AIA § 18(a). Again, because it is speculative whether the petitions for review will be granted, the Court cannot determine at this stage whether staying this matter will reduce the burden of litigation on the parties and on the Court.

### v. Weighing of Factors

While the factors do not cut strongly in one direction or the other, the most significant point is that the uncertainty as to whether the PTAB will grant the petitions for CBM review predominates and weighs against granting the Motion to Stay. Because the time for the PTAB to act on the petitions is approaching, denying the stay at this time and allowing Defendants to re-file their Motion to Stay after the PTAB has acted will not lead to an undue burden on the parties. Accordingly, Defendants' Motion to Stay is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Defendants Motion to Stay is **DENIED**.

Date: August 10, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**