UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NASDAQ, INC., *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 3:17-cv-6664-BRM-DEA |
| MIAMI INTERNATIONAL HOLDINGS, INC., *et al.*, | : | **ORDER** |
| Defendants. | : | |

**THIS MATTER** is opened to the Court by Defendants' letter request to file a renewed motion to stay litigation pending Covered Business Method Review ("CBMR") of the patents-in-suit. (ECF No. 123.) Plaintiffs oppose the letter request. (ECF No. 129).

Defendants filed their original Motion to Stay the Litigation on April 12, 2018. (ECF No. 72.) The Court denied that Motion without prejudice. (ECF No. 103.) The Court found "it would be wise for the Court to wait to stay the case until the PTAB has instituted review of the challenged *petitions*." (*Id.* (emphasis added).)

A stay is appropriate at this time. The PTAB has instituted CBMR on all patents-in-suit. (ECF Nos. 123 and 125.) With respect to patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *P & G v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). Ultimately, the decision of whether to stay a patent case during reexamination is discretionary. *Stryker Trauma S.A. v. Synthes (USA)*, No.

01–3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Ethicon, Inc.*, 849 F.2d at 1426–27).

In determining whether a stay is appropriate pending a CBMR, section 18(b)(1) of the AIA directs the district court to consider:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

Here, the first factor strongly favors a stay. Should CBMR be granted, it undoubtedly could narrow the number of issues to be litigated, because claims already invalidated by the PTAB would not need to be litigated in this matter. *See, e.g., Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 481 (E.D. Va. 2014); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("The case for a stay is stronger after post-grant review has been instituted."). The second factor also favors a stay. Even though three motions have been fully briefed by the parties, the Court has yet to decide all motions, the parties have not had their initial Rule 16 conference, discovery has not yet begun, and a trial date has not been set.

As previously stated by this Court in its August 10, 2018 Opinion, the third factor is neutral. While Plaintiffs have failed to identify any delays or inherit delays they would suffer from the reexamination process, did not seek a preliminary injunction, and there is no clear tactical advantage for the Defendants, Defendants are direct competitors of Plaintiffs. Therefore, this factor remains neutral.

Finally, as to whether the grant or denial would reduce the burden of litigation on the parties, a stay would save the parties the burden and expense of discovery proceedings if the PTAB holds some or all asserted claims invalid. Even if the PTAB rejected the Defendants' invalidity challenges, the scope of discovery would be reduced because of the estoppel effect of the PTAB's decision on the litigation in this court. *See* AIA § 18(a).

Having reviewed the parties' submissions, for the reasons set forth above and for good cause shown,

**IT IS** on this 3rd day of December 2018,

**ORDERED** that Defendants' request to stay the entire litigation (ECF No. 123) is **GRANTED**.

*/s/ Brian R. Martinotti*  
**HON. BRIAN R. MARTINOTTI**  
**UNITED STATES DISTRICT JUDGE**