# EXHIBIT 1

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

MIAMI INTERNATIONAL HOLDINGS, INC.; MIAMI INTERNATIONAL SECURITIES EXCHANGE, LLC; MIAX PEARL, LLC; AND MIAMI INTERNATIONAL TECHNOLOGIES, LLC,
Petitioners

v.

NASDAQ, INC.
Patent Owner

_____

Case CBM2018-00032
U.S. Patent No. 7,933,827

_____

**PATENT OWNER'S REQUEST FOR REHEARING OF THE FINAL WRITTEN DECISION**

*Mail Stop "PATENT BOARD"*
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

CBM2018-00032<br>Patent 7,933,827

## I.  INTRODUCTION

Patent Owner Nasdaq seeks rehearing of the Final Written Decision (Paper 78, "FWD") in light of the Federal Circuit's decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 2018-2140, 2019 WL 5616010 (Fed. Cir. Oct. 31, 2019). In *Arthrex*, the court determined that the Administrative Patent Judges ("APJs") previously appointed to the Board were appointed in violation of the Appointments Clause of the U.S. Constitution. *Id.*, slip op. at 20. The court in *Arthrex* remedied the Appointments Clause defect by partially invalidating the statutory removal protections previously enjoyed by APJs. *Id.*, slip op. at 25-26. According to the court in *Arthrex*, this action converted APJs from "principal officers" who must be appointed under the Appointments Clause to "inferior officers" who need not be so appointed. *Id.*

The Board issued its Final Written Decision in this case on November 13, 2019, 13 days after the Federal Circuit's *Arthrex* decision. But while the court's remedy in *Arthrex* may have fixed the Constitutional defect under the Appointments Clause, it introduced a fatal defect into an APJ's ability to conduct adjudicatory proceedings under Section 556 of the Administrative Procedures Act ("APA"). Patent Owner thus seeks vacatur of the FWD, or a vacatur of the FWD coupled with a stay of the proceedings until such time as constitutionally appointed APJs are in place that are authorized to conduct adjudicatory proceedings under the

APA. Even if the Board rejects this relief, Patent Owner seeks, at a minimum, a new trial on the merits with different APJs because the APJ's who conducted most of the trial, and made dispositive subsidiary rulings, were not constitutionally appointed.

## II.   LEGAL STANDARDS

A party dissatisfied with a decision may file a request for rehearing. 37 C.F.R. § 42.71(d). The request must specifically identify all matters the party believes the Board misapprehended or overlooked, and the place where each matter was previously addressed in a motion, an opposition, or a reply. *Id.* Nonetheless, "a sufficiently sharp change of law," as in *Arthrex*, is "a ground for permitting a party to advance a position that it did not advance earlier" in proceeding. *In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017); *accord BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.*, 898 F.3d 1205, 1208 (Fed. Cir. 2018). Put differently, an intervening change in "controlling precedent" precludes waiver and forfeiture. *See Micron Tech., Inc.*, 875 F.3d at 1098; *Transonic Sys., Inc. v. Non-Invasive Med. Techs. Corp.*, 75 F. App'x 765, 778 (Fed. Cir. 2003) (similar).

The Board reviews requests for rehearing for abuse of discretion, 37 C.F.R. § 42.71(c), which "occurs when a court misunderstands or misapplies the relevant

CBM2018-00032
Patent 7,933,827

law or makes clearly erroneous findings of fact," *Renda Marine, Inc. v. U.S.*, 509 F.3d 1372, 1379 (Fed. Cir. 2007).

### III. BACKGROUND

Patent Owner made two Constitutional challenges in its Response. First, it argued that the Administrative Patent Judges ("APJs") constituting the panel here are principal officers that were not appointed by the President and confirmed by the Senate. Paper 33, POR, 86; *see* U.S. Constitution, Article II, § 2, cl. 2. Patent Owner thus argued that the APJs' appointments were unconstitutional, as was the conduct of the proceeding.[1] Second, Patent Owner argued that the retroactive application of a CBM proceeding to a pre-AIA patent amounted to an unconstitutional taking under the Fifth Amendment. Paper 33, POR, 85.

The Board rejected both of those arguments as having been addressed, respectively, by intervening Federal Circuit authority in *Arthrex* and *Celgene Corp. v. Peter*, 931 F.3d 1342, 1362 (Fed. Cir. 2019) (holding that retroactive application

---

[1] Patent Owner also requested a stay and further briefing on this issue via email in light of *Arthrex* on November 1, 2019. EX3004. The Board did not respond to this request and ultimately deemed this request moot on November 22, 2019, after issuing the FWD. The Board suggested that Patent Owner file a request for rehearing under 42.71(d). Id.

- 3 -

of *inter partes* review proceedings to pre-America Invents Act (AIA) patents is not an unconstitutional taking under the Fifth Amendment). Paper 78, FWD, 41. What the Board did not appreciate, however, is that the Federal Circuit's remedy in *Arthrex* introduced a fatal defect under the Administrative Procedure Act which effectively removed an APJs authority to conduct IPR and CBM proceedings.

**IV.   ARGUMENT**

The Federal Circuit's remedy for the Appointments Clause violation found in *Arthrex* was to sever the portion of the Patent Act—namely 35 U.S.C. § 3(c)—that provided to APJs the full employment protections provided to Officers of the United States under 5 U.S.C. § 7513. *Arthrex*, slip op.25-26. Under that provision of Title 5, APJs can only be removed from service "for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a), which has been interpreted to mean "misconduct [that] is likely to have an adverse impact on the agency's performance of its functions." *Brown v. Department of the Navy*, 229 F.3d 1356, 1358 (Fed. Cir. 2000). The Federal Circuit's remedy in *Arthrex* thus eliminates the APA's employment protections for APJs by allowing "removal [of APJs] by the Secretary without cause." *Arthrex*, No. 2018-2140, 2019 WL 5616010 at *1338.

Severing from the statute an APJs Title 5 removal protections, however, inadvertently created a serious issue under the APA. This is because *inter partes* review proceedings, post grant review proceedings, and review covered business

method patents are all "formal adjudication[s]" under the APA. *See Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1081 (Fed. Cir. 2015). Such "formal adjudication[s]" must be conducted in accordance with the provisions set forth in the APA such as 5 U.S.C. §§ 554(b)(3), 554(c), 556(d). *Id.* Section 556 of the APA, in turn, deals with "[h]earings; presiding employees; powers and duties; burden of proof; evidence; [and] record as basis of decision. And Section 556(b) specifically requires formal adjudications to be conducted by: (1) the agency; (2) members of the body comprising the agency; or (3) administrative law judges appointed under 5 U.S.C. § 3105. APJs do not fall in categories (1) or (2), so they must necessarily fall in category (3). And under 5 U.S.C. § 7521, administrative judges in category (3) may be removed *only for good cause*. Post-*Arthex*, APJs (including the APJs assigned to this proceeding) lose the removal protections required by Sections 556(b) and 7521 and now serve only at the pleasure of the Director. As mere at-will employees, post-*Arthrex* APJs now lack the authority to conduct "formal adjudications[s]," and by extension lacked the authority to issue the FWD in this case.

Congress established removal protections for administrative judges for good reason: to ensure that they "exercise[] [their] independent judgment…free from pressures by … other officials within the agency." *Butz v. Economou*, 438 U.S. 478, 513 (1978). Indeed, the APA affirmatively prohibits "substantive review and

- 5 -

supervision of an ALJ's performance of his quasi-judicial functions." *Brennan v. DHHS*, 787 F.2d 1559, 1562 (Fed. Cir. 1986). An independent adjudicator is a core element of due process. *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970). *Arthrex's* remedy eviscerates that fundamental principle.

As the court recognized in *Arthrex*, "[s]everability turns on whether 'the statute will function in a manner consistent with the intent of Congress.'" *Arthrex*, slip op. at 25, *citing Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 685 (1987). That cannot be the case here because Congress expressly stated in the APA itself that "[s]ubsequent statutes may not be held to supersede or modify" the employment protections in 5 U.S.C. §§ 3105 or 7521 unless they do so expressly. *See* 5 U.S.C. § 559.

The net result is that throughout this proceeding, the assigned APJs were either unconstitutionally appointed (pre-*Arthrex*) or not authorized to conduct formal adjudicatory proceedings under the APA (post-*Arthrex*). Patent Owner thus asks the Board vacate the FWD. Alternatively, Patent Owner seeks vacatur combined with a stay of the proceeding until such time as a constitutionally appointed panel of APJs is in place and where those APJs are properly authorized to conduct formal adjudicatory proceedings under 35 U.S.C. § 556.

Finally, even if the Board disagrees that the *Arthrex* remedy created a fatal conflict with the APA, Patent Owner is still entitled to a new trial with a new,

constitutionally appointed panel. In *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991), the Supreme Court stated that "[t]he fact that an inferior officer on occasion performs duties that may be performed by an employee not subject to the Appointments Clause does not transform his status under the Constitution." 501 U.S. at 882. Put differently, if a pre-*Arthrex* APJ was not entitled to render a final written decision, then that APJ was also not entitled to render subsidiary and potentially dispositive decisions over the course of the trial leading to that final decision.

  In this case, the Board made subsidiary rulings on Patent Owner's requests for additional discovery (Paper Nos. 31 and 38), authorization to file a motion for sanctions (Paper No. 74), request for an expanded panel to include the Director (Paper No. 41), a request to correct clerical errors in Patent Owner's contingent motion to amend (Paper No. 58), and a request for additional briefing on the Director's October 2019 Guidance regarding 35 U.S.C. § 101 (Paper No. 76). Each of these pre-*Arthrex* rulings are potentially dispositive and should have been made by constitutionally appointed APJs. **First,** the requested sanctions – which were premised on MIAX and Reed Smith allowing Fish to participate in collective efforts to invalidate the patents that Fish prosecuted in violation of their ethical duties to its former client Nasdaq – included striking of MIAX's expert's declaration and/or termination of this proceeding. **Second**, the Board's rulings on

additional discovery likely would have led to evidence that would have strengthened Patent Owner's argument regarding sanctions. **Third,** these pre-*Arthrex* rulings also precluded Patent Owner from fixing straight forward clerical errors that would have resulted in a successful motion to amend. **Finally**, these pre-*Arthrex ruling* precluded Patent Owner from providing additional briefing on the new § 101 Guidance that would have provided the Board with much needed clarity on that dispositive issue, which this Board was obligated to follow. Thus, Patent Owner is still entitled to a new trial with a new panel on the merits notwithstanding the fact the final decision here issued post-*Arthrex*.

## V. CONCLUSION

Patent Owner respectfully requests that the final written decision be vacated because it was rendered by a panel of APJs not authorized to conduct adjudicatory proceedings under the APA. Alternatively, Patent Owner seeks a stay of this proceeding until such time as a constitutionally appointed panel of APJs authorized to conduct adjudicatory proceedings under the APA is convened to rehear the case on the merits. Finally, Patent Owner requests a new trial with a new panel on the merits because, pre-*Arthrex*, an unconstitutionally appointed panel made potentially dispositive subsidiary findings during the trial below.

CBM2018-00032
Patent 7,933,827

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Robert Sokohl/

Robert E. Sokohl (Reg. No. 36,013)
Michelle Holoubek (Reg. No. 54,179)
Attorneys for Patent Owner

Date: December 13, 2019

1100 New York Avenue, NW
Washington, D.C. 20005
(202) 371-2600

CBM2018-00032
Patent 7,933,827

# **CERTIFICATION OF SERVICE (37 C.F.R. § 42.6(e))**

The undersigned hereby certifies that a true and correct copy of the foregoing **PATENT OWNER'S REQUEST FOR REHEARING OF THE FINAL WRITTEN DECISION** was electronically served via e-mail on December 13, 2019, in its entirety on the following counsel for Petitioners:

Lisa A. Chiarini (Lead Counsel)
Amardeep S. Grewal (Back-up Counsel)
R. Eric Hutz (Back-up Counsel)
Christine M. Morgan (Back-up Counsel)
REED SMITH LLP
lchiarini@ReedSmith.com
sgrewal@ReedSmith.com
EHutz@ReedSmith.com
CMorgan@ReedSmith.com
rsCBM827@ReedSmith.com

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

/Robert Sokohl/

Joseph E. Mutschelknaus (Reg. No. 63,285)
Robert E. Sokohl (Reg. No. 36,013)
Attorneys for Patent Owner

Date: December 13, 2019

1100 New York Avenue, NW
Washington, D.C. 20005
(202) 371-2600

14091808_1.docx