**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NASDAQ, INC.; NASDAQ ISE, LLC; AND FTEN, INC., | No. 3:17-cv-06664-BRM-DEA |
| Plaintiff, | |
| v. | |
| MIAMI INTERNATIONAL HOLDINGS, INC.; MIAMI INTERNATIONAL SECURITIES EXCHANGE, LLC; MIAX PEARL, LLC; AND MIAMI INTERNATIONAL TECHNOLOGIES, LLC, | |
| Defendant. | |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Through its response to Plaintiffs' ("Nasdaq") motion to amend—which straightforwardly seeks to drop all of the *patent* claims from the complaint so that the parties can litigate the remaining *trade secrets* claims immediately—Defendants ("MIAX") seek to place Nasdaq in an impossible situation. On the one hand, MIAX argues that Nasdaq is procedurally *prohibited* from *seeking leave* to amend until a stay pending matters before the Patent and Trademark Appeals Board ("PTAB") is formally lifted. On the other hand, MIAX insists that the stay *should not be lifted* to allow a motion to amend to be considered—even though MIAX provides absolutely no justification supporting waiting for further PTAB developments before the trade secrets claims are litigated. MIAX's position here is not practical, not reasonable, and not supported by any binding legal authority. Leave to amend should be granted—either without any conditions, or on the sole condition of a with prejudice dismissal of Nasdaq's patent claims asserted in the current pleading.

*First*, Nasdaq demonstrated in its motion that leave to amend—which ordinarily should be freely granted, *see* Fed. R. Civ. P. 15(a)(2)—is appropriate here. Justice requires allowing the amendment because there is still no end in sight to the procedural morass created by *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). MIAX does not claim that Nasdaq has delayed seeking the amendment dropping the patent claims, that Nasdaq has any dilatory motive for seeking this amendment, or that Nasdaq's proposed amendment is futile for any reason. Instead, MIAX *only* opposes Nasdaq's motion to amend on grounds of perceived prejudice.

*Second*, before addressing Rule 15's prejudice factor, MIAX leads with a procedural argument. According to MIAX, Nasdaq's mere filing of its motion to amend violated the Court's stay orders. *See* Dkt. 130 (granting stay); Dkt. 133 (continuing stay); Dkt. 137 (continuing stay). Not so. None of the Court's stay orders stated expressly, nor even hinted, that a formal application to lift the stay was required before any other form of relief could be sought from the Court. No

federal or local rule requires such an application, either. In view of the relief sought through the present motion—which would moot the only possible justification for a stay of this case—it would be impractical to require any extra procedural steps to be taken before this motion to amend.

MIAX identifies no binding authority supporting its inflexible procedural argument. The only Third Circuit case cited in the response, *Doctors, Inc. v. Blue Cross of Philadelphia*, 490 F.2d 48 (3d Cir. 1973), lends no meaningful support to MIAX's position. MIAX relies on dicta in the decision stating that a motion filed before the district court during a stay "could not have been considered" by the district court. *Id.* at 54. But the case's holding related to whether the appellate court could affirm based on alternative arguments that were raised only in the motion filed during the stay—which the lower court undisputedly *did not in fact* consider. *Id.* The decision also says nothing that supports an argument that parties are *prohibited* from filing motions during stays.

The only other stay-related case cited by MIAX, *Kyntec Corp. v. ITT Enidine, Inc.*, No. 14-cv-271A(F), 2016 WL 1611358 (W.D.N.Y. Apr. 21, 2016), is non-binding and not persuasive. There, after the plaintiff sought a stay pending Patent and Trademark Office reexamination proceedings, the defendant moved to dismiss certain of the plaintiff's claims. *Id.* at *2-*3. Here, in contrast, Nasdaq is seeking permission to *withdraw its own claims*, and the claims that Nasdaq seeks to withdraw are the only claims that arguably justified any stay in the first place. Moreover, the *Kyntec* court's decision to deny the defendant's motion to dismiss, and also to permit the plaintiff to seek its costs and fees incurred opposing the motion to dismiss, cited *no prior cases* reaching similar conclusions, and the opinion *has never been cited again* for these propositions.

MIAX's contention that Nasdaq should be *sanctioned* for filing a motion seeking to narrow its own case is truly remarkable. MIAX knew before this motion was filed that Nasdaq intended to seek leave to amend, and although MIAX told Nasdaq that it opposed the amendment, MIAX

never disclosed its intent to seek *sanctions* from Nasdaq if such a motion was filed. It would be highly inequitable for the Court to reward MIAX for lying in wait with this "gotcha" argument.

*Third*, MIAX's various arguments about the perceived prejudice that would result from an amendment here (which MIAX intermixes with arguments about why a stay should be maintained to prohibit Nasdaq from even *seeking leave* to amend) are not persuasive. Obviously, MIAX will not be prejudiced from the narrowing of this district court litigation to cover trade secret claims only, and not patent claims. MIAX's argument that prejudice will arise because Nasdaq still intends to defend its patents before the PTAB is a *non sequitur*—after amendment, those patents will no longer be a part of this case against MIAX. Hence MIAX's response largely discusses what Nasdaq might do *after* leave to amend is granted, and *after* the amendment is filed, to create an appearance of *possible* prejudice—none of which is directly tied to amendment of the complaint.

MIAX primarily suggests that prejudice will exist here because it is "clear" that Nasdaq seeks to "hold[] MIAX under the threat of infringement . . . in the event the PTAB decisions are overturned." Resp. at 1. But courts have recognized that a possibility of renewed litigation *is not* a sufficient justification for denying leave to amend. Simply put, cognizable "prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987). At least one district court has recognized that, in so holding in *Davis*, the Fourth Circuit effectively overruled the only prejudice-related authority that MIAX relies upon, *Weinberger v. Retail Credit Co.*, 498 F.2d 552 (4th Cir. 1974). *See McCoy v. Erie Ins. Co.*, 204 F.R.D. 80, 82 n.3 (S.D. W. Va. 2001) ("[] *Weinberger* cites no authority for the cited proposition. Further, *Weinberger* has not been cited in the last 25 years by the Court of Appeals for the quoted proposition. Most importantly, however, *Weinberger* appears to have been superseded by . . . . *Davis* . . . ."). At least one other recent district court has construed *Weinberger* extremely

- 3 -

narrowly. *See Cox v. Cawley*, No. 3:11CV557-HUH, 2011 WL 4828890 (E.D. Va. Oct. 11, 2011) ("At the time the district court reviewed the motion for leave to amend, the court was also reviewing a motion for summary judgment. Furthermore, the count that plaintiff sought to drop from the complaint was clearly barred by the statute of limitations. By denying plaintiff's request to amend and granting summary judgment, the district court saved defendants from having to relitigate a claim *unmistakably* barred by the statute of limitations." (emphasis assed)).

It is also not at all "clear" from the pending motion that Nasdaq may assert the same patents against MIAX again. Resp. at 1. In truth, Nasdaq's motion just *did not address* whether Nasdaq, following leave to amend and its filing of the new, proposed trade secrets complaint, might ever be permitted to reassert any of its previously-asserted patents against MIAX. That is a collateral question of preclusion, which may or may not ever need to be decided—and MIAX's response does not discuss *any* authorities regarding whether dropping claims at this stage would have this preclusive effect. The Court need not resolve this issue before allowing a straightforward amendment dropping claims *from this case*. But as discussed below, if the Court makes dismissal with prejudice of patent claims a condition of allowing amendment, Nasdaq will still amend.

MIAX next suggests that prejudice could result because, following the amendment, Nasdaq *might* remain free to assert patent claims against MIAX's successors, affiliates, customers, or others "operating under a grant of rights from MIAX." *Id.* at 3. This argument is completely irrelevant. The parties *to this case* are Nasdaq and MIAX. Whether or not Nasdaq or MIAX ultimately prevailed on the merits of the currently-asserted patent claims, Nasdaq would remain free to assert its patents (so long as they survived validity challenges) *against non-parties*. MIAX identifies no authority supporting the idea that *prejudice to non-parties* can ever justify denying leave to amend, and Nasdaq is unaware of any such authority. MIAX also has no basis for

- 4 -

speculating that Nasdaq ever plans to pursue claims against its affiliates or its customers. MIAX's suggestion that "Nasdaq appears to be setting up the argument that . . . the PTAB proceedings should be dismissed for lack of jurisdiction" is similarly baseless speculation. *Id.* at 2.

MIAX also claims that if the amendment is allowed, Nasdaq may somehow try to prevent MIAX from seeking costs in the future. MIAX's "prevailing party" costs analysis is misguided for two reasons. Even if MIAX prevailed on the merits of all of the patent claims asserted in the complaint, MIAX would not necessarily be the "prevailing party" under Rule 54(d) and entitled to costs, because the patent claims are not the only claims asserted in this case. Further, *B.E. Tech., LLC v. Facebook, Inc.*, 940 F.3d 675 (Fed. Cir. 2019), cited by MIAX, shows precisely why the Court need not rule on prevailing party status in connection with permitting this amendment. Determining whether a party prevailed on claims depends on the substance, not the form, of the resolution. *Id.* at 679. Following the amendment, MIAX will retain all of its potential arguments regarding prevailing party status and cost- (or fee-) shifting. The Court need not yet decide *any* of those matters on the present motion—which only presents questions about *prejudice* issues.

*Fourth*, and finally, MIAX's request that the Court impose conditions on the amendment are also not persuasive. It is true that leave to amend may be given conditionally. But no cited authorities support the specific conditions sought by MIAX here. Should the Court determine that dismissal with prejudice of Nasdaq's patent claims is an appropriate and necessary condition, Nasdaq would comply and still amend. But it would be completely inappropriate, and entirely unnecessary, to condition the proposed Nasdaq amendment on either a collateral promise that Nasdaq will never sue *non-parties*, or a stipulation that prematurely deems MIAX—which will still face trade secrets claims before this Court regardless of what happens with this motion to amend and regardless of what happens before the PTAB—the prevailing party in this case.

Dated: March 2, 2020                    **CRITCHLEY, KINUM & DENOIA, LLC**


By: */s/ Amy Luria*
Michael Critchley, Sr.
Amy Luria
75 Livingston Avenue, Suite 303
Roseland, New Jersey 07068
Telephone: (973) 422-9200
Facsimile: (973) 422-9700
mcritchley@critchleylaw.com
aluria@critchleylaw.com

Arun S. Subramanian (*pro hac vice*)
Jacob W. Buchdahl (*pro hac vice*)
Mark H. Hatch-Miller (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
asubramanian@susmangodfrey.com
jbuchdahl@susmangodfrey.com
mhatch-miller@susmangodfrey.com

Meng Xi (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mxi@susmangodfrey.com

Floyd G. Short (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Tel.: 206-516-3880
Fax: 206-516-3883
fshort@susmangodfrey.com

*Attorneys for Plaintiffs Nasdaq, Inc., Nasdaq ISE,
LLC, and FTEN, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served

on the following counsel of record via the Court's electronic filing system, this 2nd day of March,

2020, as indicated below:

## Counsel List for Defendants

**REED SMITH LLP**
Lisa A. Chiarini
Grewal, Amardeep S. (Sonny)
Sidharth Kapoor
Julia A. Lopez
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
lchiarini@reedsmith.com
SGrewal@ReedSmith.com
skapoor@reedsmith.com
jalopez@reedsmith.com

John P. Bovich, Esq. (*pro hac vice*)
Christine M. Morgan, Esq. (*pro hac vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105
Tel: (415) 543-8700
Fax: (415) 391-8269
jbovich@reedsmith.com
cmorgan@reedsmith.com

Brian D. Roche
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606-7507
+1 312 207 6490
broche@reedsmith.com

Ravi Sattiraju, Esq.
**THE SATTIRAJU LAW FIRM P.C.**
116 Village Boulevard, Suite 200
Princeton, NJ 08540
Direct Tel: (609) 799-1266

Direct Fax: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com
*Interim counsel for Defendants*

By: */s/ Amy Luria*
Amy Luria