<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NASDAQ, INC.; NASDAQ ISE, LLC; AND FTEN, INC., | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:17-cv-6664-BRM-DEA |
| MIAMI INTERNATIONAL HOLDINGS, INC.; MIAMI INTERNATIONAL SECURITIES EXCHANGE, LLC; MIAX PEARL, LLC; AND MIAMI INTERNATIONAL TECHNOLOGIES, LLC, | : | |
| Defendants. | : | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal by Plaintiffs Nasdaq, Inc., Nasdaq ISE, LLC, and FTEN, Inc. (collectively, "Nasdaq") (ECF No. 151) of Magistrate Judge Douglas E. Arpert's September 30, 2020 Memorandum Opinion and Order (ECF No. 150) denying Nasdaq's Motion for Leave to Amend (ECF No. 138). Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Nasdaq's appeal (ECF No. 151) is **DENIED** and Judge Arpert's Memorandum Opinion and Order (ECF No. 150) is **AFFIRMED**.

    **I.    BACKGROUND**

This matter has been ongoing since September 2017. Accordingly, the Court writes for the benefit of the parties and will only address the procedural history associated with this appeal.

Nasdaq initiated this action on September 1, 2017 by filing a Complaint against Miami International Holdings, Inc., Miami International Securities Exchange, LLC, MIAX Pearl, LLC, and Miami International Technologies, LLC (collectively, "MIAX"), alleging both patent infringement and trade secret misappropriation claims. (ECF No. 1.) MIAX filed a Motion to Dismiss Nasdaq's Complaint on December 4, 2017 (ECF No. 28), but the motion was administratively terminated pending a motion to disqualify counsel (ECF Nos. 54, 68).

On April 12, 2018, MIAX filed a Motion to Stay this action, after filing petitions for Covered Business Method Patent Review ("CBMR") of the patents in suit with the United States Patent and Trademark Office ("USPTO"), Patent Trial and Appeal Board ("PTAB"). (ECF No. 72.) On August 10, 2018, this Court denied MIAX's Motion reasoning, "it would be wise for the Court to wait to stay the case until the PTAB has instituted review of the challenged petitions." (ECF No. 103 at 7.)

On October 10, 2018, MIAX submitted a letter request for permission to file another Motion to Stay pending the CBMR of the patents-in-suit. (ECF No. 114.) Nasdaq opposed that request as premature. (ECF No. 117.) This Court agreed stating, "[a] renewed motion to stay would still be premature" because at that time the PTAB had not yet instituted the CBMR of all of the patents-in-suit. (ECF No. 119 at 1.)

On November 14, 2018, MIAX submitted a second request for leave to file a Motion to Stay. (ECF No. 123.) Nasdaq again opposed MIAX's request. (ECF No. 129.) This time, on December 3, 2018, this Court entered an Order finding a stay was appropriate because the PTAB had instituted CBMR on all of the patents-in-suit. (ECF No. 130 at 1.)

On December 7, 2018, Nasdaq submitted a request to this Court for reconsideration of the Order (ECF No. 130) "on the limited issue of the scope of the stay." (ECF No. 131.) Specifically,

Nasdaq asked the Court to modify the "December 3, 2018 Order to limit the stay to the six patents-in-suit (counts I, II, and IV-VII) and allow discovery to proceed on Plaintiffs' three trade secret claims (counts VII-X)". (*Id.*) MIAX opposed Nasdaq's request to limit the scope of the stay arguing, *inter alia*, "that both the patent claims and trade secret claims involve the same areas of technology, the same accused products, and overlapping witnesses. If the stay is lifted on the trade secret claims, it will have the effect of no stay at all on the patent claims." (ECF No. 132.) On December 13, 2018, this Court denied Nasdaq's request to modify the stay stating, "[t]his matter is stayed in its entirety." (ECF No. 133.)

On November 18, 2019, Nasdaq informed the Court the PTAB had issued decisions regarding the validity of the patents-in-suit. (ECF No. 135.) The PTAB found the patents-in-suit were invalid. (*Id.*) Nasdaq explained these decisions were subject to motion practice seeking reconsideration as well as appellate remedies. (*Id.*) Nasdaq then requested the same relief they now seek—to lift the stay of this action in order to proceed solely with Nasdaq's trade secret claims. (*Id.*) On November 19, 2019, MIAX responded it would not be efficient to lift the stay when Nasdaq had not exhausted their appellate remedies with the PTAB or the Federal Circuit. (ECF No. 136 at 1.) MIAX argued courts have held in similar circumstances the court should not lift a stay before the party dissatisfied with the PTAB's decision exhausts its appellate remedies. (*Id.* at 2 (citing *Depomed, Inc. v. Purdue Pharma L.P.*, No. 13-571, 2016 WL 50505, at *1-2 (D.N.J. Jan. 4, 2016); *Andrea Electronics Corp. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 132551 at *4-5 (E.D.N.Y. Aug. 6, 2019); *Realtime Data LLC v. Silver Peak Systems, Inc.*, 2018 WL 3744223, at *2 (N.D. Cal. 2018).) After considering the parties' submissions, on November 20, 2019, this Court denied Nasdaq's application and continued the stay. (ECF No. 137.)

On February 11, 2020, Nasdaq filed a Motion for Leave to Amend, seeking leave to file an Amended Complaint which removes all patent infringement claims and related allegations from the operative pleading while maintaining the trade secret claims against MIAX – essentially the same relief sought in their November 18, 2019 Letter to this Court. (ECF No. 138-2 at 3.) MIAX opposed the Motion, arguing it would be unfair to allow Nasdaq to drop the patent claims without eliminating the risk of future assertion of these claims in this action or elsewhere, or against MIAX's affiliates, successors, licensee, and customers. (ECF No. 139 at 4.) Nasdaq filed a Reply, arguing justice requires allowing the proposed amendment because there is still no end in sight to the PTAB proceedings due to the *Arthrex* decision, and the actions they may take or consequences occurring if the proposed Amended Complaint is permitted are speculative and should not be weighed in the Court's consideration of the proposed amendment's prejudice to MIAX. (ECF No. 145 at 1, 3.) After filing the Reply, Nasdaq filed a Notice of Supplemental Authority informing the Court of the PTAB's General Order in Cases Involving Requests for Rehearing Under *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019) ("General Order"). (ECF No. 146.) Nasdaq explained the General Order impacted the instant Motion because the General Order further affirmed its argument that "[j]ustice requires allowing the amendment because there is still no end in sight to the procedural morass created by Arthrex." (*Id.* at 2.) Judge Arpert declined to lift the stay in order to consider Nasdaq's Motion for Leave to Amend. (ECF No. 150.) Nasdaq appeals Judge Arpert's decision. (ECF No. 151.)

## II.  LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this

Court's Local Rules provide "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days" and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### III. DECISION

#### A. Judge Arpert's Decision Is Not Clearly Erroneous

Nasdaq challenges Judge Arpert's conclusion that no circumstance has changed warranting lifting of the stay as clearly erroneous. (ECF No. 151-1 at 6.) The Court disagrees.

"When a court has imposed a stay, but circumstances have changed such that the court's reasons for imposing [that] stay no longer exist or are inappropriate, the court also has the inherent power and discretion to lift the stay." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 2015 U.S. Dist. LEXIS 4234 at *5-6 (D. Del. Jan. 14, 2015); *see also Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc.*, 2015 U.S. Dist. LEXIS 31452 at *9 (E.D. Tex. Jan. 5, 2015) (citing *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002)). In light of a significant change in circumstances, a court must reevaluate the four factors in section 18(b)(1) of the AIA that it originally weighed to determine whether a stay pending CMBR was justified: (1) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court. Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 32931 (2011); *See Rovi Guides, Inc. v. Comcast Corp.*, 2018 U.S. Dist. LEXIS 59177 at *6 (S.D.N.Y. April 5, 2018) ("In light of this significant change in circumstances, the Court must reevaluate the same three factors it originally weighed to determine whether a stay pending IPR[1]

---

[1] IPR is a trial proceeding conducted at the PTAB to review the patentability of one or more claims in a patent only on a ground that could be raised under 35 U.S.C. §§ 102 or 103. U.S. Pat. & Tm. Off., *Inter Partes Review*, uspto.gov, https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/trials/inter-partes-review (last modified Sept. 4, 2020).

was justified.") (citations omitted); *Network-1*, 2015 U.S. Dist. LEXIS 31452 at *9 (citations omitted).

### 1. Nasdaq's Voluntary Dismissal Alone Is Not Sufficient to Qualify as a Significant Change of Circumstance

Nasdaq argues Judge Arpert did not consider Nasdaq's desire to dismiss all of its patent claims against MIAX with prejudice, which should be a change in circumstances that warrants lifting the stay to permit an amendment. (ECF No. 151-1 at 6.) Nasdaq claims the request to dismiss its patent claims with prejudice means this case will be simplified once the stay is lifted and the amendment allowed, and further PTAB proceedings will have no impact on this case going forward. (*Id.*) The Court disagrees.

A voluntary dismissal of a patent infringement claim with prejudice can be a change of circumstance that warrants lifting a stay, when the PTAB proceeding that justified the original stay will "have virtually no effect on" the remaining claims. *See Rovi Guides, Inc. v. Comcast Corp.*, 2018 U.S. Dist. LEXIS 59177 at *6-8 (The court initially stayed all the claims based on two related patents pending the IPR of one of the patents. The patentee then voluntarily dismissed with prejudice all claims based on the one patent under IPR. The court finds the dismissal renders the IPR proceeding unable to affect claims based on the other patent not under IPR, and therefore warrants lifting the stay.) However, different from *Rovi*, the Court here finds the pending PTAB proceedings of patents-in-suit may impact the remaining claims.

"A dismissal with prejudice operates as an adjudication on the merits, so it ordinarily precludes future claims." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (citations and internal quotations omitted); *see also Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) ("The dismissal of a claim with prejudice is a judgment on the merits under the law of the Federal Circuit."). However, with respect to patent litigation, an infringement claim,

"for purposes of claim preclusion," cannot embrace "more than the specific devices" accused of infringement. *Young Eng'rs, Inc. v. United States ITC*, 721 F.2d 1305, 1316 (Fed. Cir. 1983). "[W]here the alleged infringer prevails," only "the accused devices have the status of noninfringements," and the status of a different device is not affected. *Id.* Therefore, the voluntary dismissal with prejudice of claims based a patent does not mean "any charge of infringement based on the patent is barred." *Id.*

Here, as Nasdaq admits, discovery involved in the trade secret claims and the patent claims significantly overlaps (ECF No. 83 at 19), because the two sets of claims involve the same areas of technology, the same accused products, and overlapping witnesses (ECF No. 132 at 2). If the stay is lifted on the trade secret claims, it may have the effect of no stay at all on the patent claims. (*Id.*) Therefore, if the stay is lifted, the discovery that proceeds on the trade secret claims may reveal facts—MIAX's potentially infringing actions or instrumentalities not identified in Nasdaq's Complaint—for Nasdaq to raise new infringement claims based on the patents-in-suit. Even if Nasdaq voluntarily dismisses with prejudice of all its current patent claims, the PTAB proceedings of patents-in-suit may still simplify the issues of this case as to these potential new claims, which are not barred by Nasdaq's voluntary dismissal. Without Nasdaq having agreed not to bring up new claims or defenses in this matter based on the patents-in-suit, it is not a clear error that Judge Arpert did not consider Nasdaq's voluntary dismissal as a change of circumstances that justifies lifting the stay. *See Credit Acceptance Corp. v. Westlake Servs.*, LLC, 2015 U.S. Dist. LEXIS 86691 at *6 (C.D. Cal. July 2, 2015) ("[B]ecause Plaintiff wishes to voluntarily dismiss its claims [with prejudice] and has granted a covenant not to sue, the circumstances may have changed such that the reasons for the stay no longer exist.").

### 2. The Court Will Not Consider the Supreme Court's Granting Certiorari in *Arthrex*

Nasdaq claims another relevant change in circumstances occurred after the Judge Arpert's decision. (ECF No. 151-1 at 7.) On October 13, 2020, the United States Supreme Court granted certiorari in *Arthrex, Inc, v. Smith & Nephew, Inc.*, where the United States Court of Appeals for the Federal Circuit held PTAB judges were appointed unconstitutionally. (*Id.*) As a result, Nasdaq contends it will likely take years for this case to return to the Court's docket if the motion to amend is not granted. (*Id.*) The Court will not consider this alleged change in circumstances.

The Court may not consider new evidence on appeal that was not presented to the Magistrate Judge, as the Court cannot rely on such new evidence to determine whether the Magistrate Judge's ruling was clearly erroneous or contrary to law. *Kendricks v. The Hertz Corp.*, 2006 U.S. Dist. LEXIS 85432 at *4 (D.V.I. Oct. 30, 2006) (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81 (3d Cir. 1992) (stating district court is not permitted to receive new evidence in reviewing magistrate's ruling on non-dispositive matter)); *Horner v. Cummings*, 2015 U.S. Dist. LEXIS 192544 at *9 (M.D. Pa. Oct. 27, 2015) (citations omitted); *Hunt v. Borough of Wildwood Crest*, No. 12-6887, 2016 U.S. Dist. LEXIS 135233 at *12 (D.N.J. Sept. 29, 2016). Since the Supreme Court's granting certiorari in *Arthrex* occurred after the Judge Arpert's decision which Nasdaq now appeals, it is new evidence that this Court may not consider.

Accordingly, the Court does not find Judge Arpert's conclusion that no circumstance has changed warranting lifting of the stay is clearly erroneous.

### B. Judge Arpert's Decision Was Not Contrary to Law

Nasdaq contends Judge Arpert's decision is contrary to law, as no legal authority was identified to justify the decision to refuse to consider Nasdaq's Motion to Leave to Amend. (ECF No. 151-1 at 7.) The Court disagrees.

The "decision to grant a stay would moot the other motions before" the court. *American Casualty Co. v. Continisio*, 819 F. Supp. 385, 392 (D.N.J. 1993); *see also Testa v. Hoban*, No. 16-0055, 2016 U.S. Dist. LEXIS 124479 at *34-35 (D.N.J. Sept. 14, 2016). Here, the Court has ordered "[this] matter is stayed in its entirety." (ECF No. 133.) Judge Arpert, in his decision now under appeal, has declined to lift the stay. (ECF No. 150 at 15.) As a result, "[t]he parties shall not file other motions in this matter until the stay is lifted." *Aland v. Salazar*, 2010 U.S. Dist. LEXIS 153745 *10 (D. Idaho Dec. 15, 2010); *see also Welch v. Weise*, 2020 U.S. Dist. LEXIS 116876 at *3 (D. Nev. July 2, 2020). Therefore, without the stay being lifted, Nasdaq's Motion to Leave to Amend is moot.

Accordingly, the Court does not find Judge Arpert's refusal to consider Nasdaq's Motion to Leave to Amend contrary to law.

**IV.   CONCLUSION**

For the reasons set forth above, Nasdaq's appeal is **DENIED** and Judge Arpert's September 30, 2020 Memorandum Opinion and Order is **AFFIRMED**.

**Date: March 10, 2020**              */s/ Brian R. Martinotti*
                                      **HON. BRIAN R. MARTINOTTI**
                                      **UNITED STATES DISTRICT JUDGE**